UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK CHRISTIAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 24-2881 (UNA) |
| NORTH CAROLINA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, brings this action against North Carolina, ECF No. 1, and seeks leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP motion and dismiss the case under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

Plaintiff's complaint appears to be based on the following occurrences. In 1996, Plaintiff "was accused of rape," to which he "confessed," ECF No. 1 at 4, and for which he was convicted pursuant to a plea agreement. *See Christian v. North Carolina*, 13-CV-739, 2014 WL 652653, at *5 (E.D.N.C. Feb. 19, 2014) (noting Plaintiff's complaint "about an investigation performed by Henderson County law enforcement in 1996," which resulted in his "arrest and conviction regarding inappropriate physical contact Plaintiff had with his daughter"). Plaintiff alleges that he was "not provided a written or verbal confession document or statement . . . and now the Judicial System refuses to review his case, provide him with any factual records or information, and face a Judge in person." ECF No. 1, at 4. He seeks $7.7 million in compensatory damages for "false imprisonment" and the "removal of all false information from [his] record." *Id*. at 5.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a civil judgment related to a criminal conviction or sentence would necessarily imply the invalidity of the conviction or sentence, the plaintiff cannot bring the civil action without first showing that the conviction or sentence has been invalided in an earlier proceeding. *Id.* at 486-87. This rule applies to claims for money damages and equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam). Because Plaintiff's success here would raise serious questions about the validity of his conviction, his claims "are not cognizable unless and until he meets the requirements of *Heck*." *Harris*, 611 Fed. App'x at 2. Consequently, this case will be dismissed by separate order.

Date: January 2, 2025

_____/s/_____
LOREN L. ALIKHAN
United States District Judge